## CASE v. SIMONDS *et al.*

(*Supreme Court, General Term, Fifth Department.*   October 19, 1889.)

1. SALE—REMEDY OF VENDOR—RESALE.

Plaintiff contracted to deliver 25 bales of hops to defendants at 17 cents a pound. Defendants refused 16 bales as unmerchantable. Plaintiff sold the 16 bales for 8- cents a pound, and sued for the difference. If any notice of intent to resell the hops was given to defendants, it was after the resale and payment therefor, under an agreement to deliver the hops to the purchaser unless defendants would pay 15 cents for them. *Held,* that the sale was sufficiently complete to render the notice un- availing to charge defendants.

2. SAME—NOTICE.

Where the hops were rejected November 7th, and the resale was December 26th, and the notice, if given at all, was at about that time, it was too late.

3. DAMAGES—BREACH OF CONTRACT.

Where the plaintiff made no effort to sell the hops to any one but the purchaser- at the resale, and sold them at private sale, and there is no evidence that the price was a fair one, such resale will not fix the measure of damages to be recovered of defendants.

4. APPEAL—WEIGHT OF EVIDENCE.

Where evidence properly submitted to a jury is conflicting, the verdict must stand, though the court might have come to a different conclusion.

Appeal from circuit court, Ontario county.

Orestes Case sued F. W. Simonds and others, and recovered judgment.. From the judgment and an order denying a new trial defendants appeal.

Argued before BARKER, P. J., and MACOMBER and DWIGHT, JJ.

*F. H. Hamlin,* for appellants.   *E. Hicks,* for respondent.

DWIGHT, J.   The action was by vendor against vendee in an executory con-- tract for the sale of 25 bales of hops at 17 cents a pound. The vendee ac- cepted 9 and refused 16 bales, on the ground that the latter were slack dried, and unmerchantable. The vendor afterwards resold the 16 bales at 8 cents a. pound to one Smith, and claimed to recover the difference between the latter and the contract price from the defendants.

The two questions submitted to the jury were (1) whether the hops re- fused were merchantable or not; (2) whether the plaintiff gave the defendants the requisite notice of his intention to resell.

There was a good deal of evidence which opposed the plaintiff's contention. in respect to the condition of the hops at the time of the tender of delivery, but it was evidence which was properly submitted to the jury, and the verdict in that respect must stand, even though the court might have come to a dif- ferent conclusion.

Upon the other question the way is not clear for sustaining the verdict. In the first place, we think the evidence did not warrant the jury in finding that.

the plaintiff gave any notice to the defendants, or their agent, of his intention to resell for their account before the resale was actually made. It is not necessary to recapitulate the evidence. It is enough to say that the plaintiff had testified at length in his own behalf; had been cross-examined, re-examined, re-cross-examined, and again re-examined; had had his attention called repeatedly to the subject of communications with, and notice to, the defendants and to their agent, and not only did not testify that he had given any such notice, but had substantially negatived the proposition that any such notice had been given. After the plaintiff's case had been rested, and a motion for a nonsuit had been made on the ground of the want of evidence of such notice, and a recess of the court had been taken pending the decision of that motion, he attempted to supply the defect in proof, but we think not with complete success. He then testified that he did give Hamlin, the defendants' agent, notice of his intention to resell the hops; but his evidence leaves it quite uncertain when such notice was given, with a clear balance of probabilities in favor of the theory that it was not before he had made the conditional resale to Smith. That sale was conditional only to the extent that, if it should turn out that the defendants would take the hops at 15 cents, Smith should give up his bargain, and his money should be refunded to him. The price was fixed and the money was paid, and it only remained to deliver the hops, unless the defendants should consent to take them at 15 cents. It was a complete sale so far as to defeat all the purposes of a notice to the first vendee. The effect of such notice is to create the relation of principal and agent between the first vendee and the vendor, and to bind the former by the act of the latter in making a resale of the property; and one purpose of the notice is to enable the first vendee to give directions to his newly-constituted agent in respect to the time and place and price at which the property shall be resold. The purpose was of course defeated when the terms of the resale were fixed, before the notice was given.

But there are other objections to the plaintiff's case in the respect now under consideration. The relation of principal and agent thus constituted between the first vendee and his vendor, though thrust upon the former without his choice, calls for the exercise of the same good faith and reasonable diligence on the part of the agent towards the principal as if the relation were constituted by the appointment of the latter. The agent must give the requisite notice promptly, especially if the market is a falling one. He must not delay an election of the remedy he will adopt, in order to secure to himself the benefit of a rising, while imposing upon the first vendee the risk of a falling, market. In this case the hops were rejected by the vendee on the 7th of November. The resale was negotiated December 26th; and, if notice was given at all before such resale, it was only very shortly before, and after not less than seven weeks from the time of the refusal of the hops by the defendants. Moreover there is no evidence of any diligence on the part of the plaintiff to sell the hops for the best price. He testifies that he did not try to sell them to anybody except Smith. They were sold at private, and not at public, sale, and there is no evidence that the price obtained was a fair price, as the market then stood. The resale, as exhibited by the record, was not, we think, made under such circumstances as to fix a legal measure of the damages to be recovered by the plaintiff. For the reasons indicated the judgment and order appealed from should be reversed, and a new trial granted. All concur.