ORESTES CASE, Respondent, *v.* FREDERICK W. SIMMONS,. *et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

1. *Sale. Executory.*—Where the vendor, upon an executory sale and re-- fusal of vendee to accept part of the goods as unmerchantable, elects. to resell and hold the vendee for the difference, the relation of princi- pal and agent is thereby established, and demands the exercise of good faith and reasonable diligence on the part of the vendor towards the vendee.
2. *Same.*—Degree of diligence, required of vendor on resale in such case,. stated.

Appeal from a judgment entered on the verdict of a jury at the Ontario circuit, and from an order denying the de- fendant's motion for a new trial on the minutes.

*F. H. Hamlin,* for appellants.

*E. Hicks,* for respondent.

DWIGHT, J.—The action was by vendor against vendee in an executory contract for the sale of twenty-five bales of hops at seventeen cents a pound. The vendee accepted nine and refused sixteen bales, on the ground that the latter were slack dried and unmerchantable. The vendor afterwards resold the sixteen bales at eight cents a pound to one Smith, and claimed to recover the difference between the latter and the contract price from the defendants.

The two questions submitted to the jury were, 1st, whether the hops refused were merchantable or not ; 2d, whether the plaintiff gave the defendants the requisite notice of his inten-- tion to resell.

. There was a good deal of evidence which opposed the plaintiff's contention in respect to the condition of the hops

at the time of the tender of delivery; but it was evidence which was properly submitted to the jury, and the verdict, in that respect, must stand, even though the court might have come to a different conclusion.

Upon the other question the way is not clear for sustaining the verdict. In the first place, we think the evidence did not warrant the jury in finding that the plaintiff gave any notice to the defendants or their agent of his intention to resell for their account before the resale was actually made. It is not necessary to recapitulate the evidence. It is enough to say that the plaintiff had testified at length in his own behalf; had been cross-examined, re-examined, recross-examined, and again re-examined; had had his attention called repeatedly to the subject of communications with, and notice to the defendants and to their agent, and not only did not testify that he had given any such notice, but had substantially negatived the proposition that any such notice had been given. After the plaintiff's case had been rested, and a motion for a nonsuit had been made on the ground of the want of evidence of such notice, and a recess of the court had been taken, pending the decision of that motion, he attempted to supply the defect in proof, but, we think, not with complete success. He then testified that he did give Hamlin, the defendant's agent, notice of his intention to resell the hops, but his evidence leaves it quite uncertain when such notice was given, with a clear balance of probabilities in favor of the theory that it was not before he had made the conditional resale to Smith. That sale was conditional only to the extent that if it should turn out that the defendants would take the hops at fifteen cents, Smith should give up his bargain, and his money should be refunded to him. The price was fixed, and the money was paid, and it only remained to deliver the hops, unless the defendants should consent to take them at fifteen cents. It was a complete sale so far as to defeat all the purposes of a notice to the first vendee.

The effect of such notice is to create the relation of principal and agent between the first vendee and the vendor, and to bind the former by the act of the latter in making a resale of the property; and one purpose of the notice is to enable the first vendee to give directions to his newly-constituted agent in respect to the time and place and price at which the property shall be resold. The purpose was, of course, defeated when the terms of the resale were fixed before the notice was given.

But there are other objections to the plaintiff's case in the respect now under consideration. The relation of principal and agent thus constituted between the first vendee and his vendor, though thrust upon the former without his choice, calls for the exercise of the same good faith and reasonable diligence on the part of the agent towards the principal as if the relation were constituted by the appointment of the latter. The agent must give the requisite notice promptly, especially if the market is a falling one; he must not delay an election of the remedy he will adopt, in order to secure to himself the benefit of a rising, while imposing upon the first vendee the risk of a falling market.

In this case, the hops were rejected by the vendee on the 7th of November. The resale was negotiated December 26th, and if notice was given at all before such resale, it was only very shortly before, and after not less than seven weeks from the time of the refusal of the hops by the defendants. Moreover, there is no evidence of any diligence on the part of the plaintiff to sell the hops for the best price. He testifies that he did not try to sell them to anybody, except Smith; they were sold at private and not at public sale, and there is no evidence that the price obtained was a fair price as the market then stood.

The resale, as exhibited by the record, was not, we think, made under such circumstances as to fix a legal measure of the damages to be recovered by the plaintiff.

For the reasons indicated, the judgment and order appealed from should be reversed and a new trial granted.

Judgment and order reversed and new trial granted, with costs to the appellants to abide the event.

BARKER, P. J., and MACOMBER, J., concur.

## NOTE ON " LIABILITY OF VENDEE IN CASE OF AN EXECUTORY CONTRACT OF SALE."

The intention manifested by the language and attending circumstances determines whether the transaction is an executed or executory agreement. Byan *v.* Hampton, 57 Hun, 585.

The transfer, under the circumstances, was held to be absolute and not conditional. Id.

The vendee, on an executory sale, must examine and return the property at once, or give the vendor notice to take back the goods, if found not to correspond with the sample. Mason *v.* Smith, 55 Hun, 607.

His retaining a part extinguishes the right of further return. Id.

After substituting other goods, the vendee has no remedy on the original contract. Id.

In case of an executory contract for sale of personal property, the vendee has a reasonable time to examine the same, and, if not according to representations, to rescind the contract. Hart *v.* Haight, 57 Hun, 591.

The acceptance of property, manufactured under an executory contract of sale after inspection, estops a claim for damages for any visible defect. Studer *v.* Bleistein, 115 N. Y. 316.

What constitutes sufficient acceptance in such case, stated. Id.

A deliberate, intelligent and intentional acceptance of personal property, manufactured under an executory contract of sale, after inspection, precludes the vendee from claiming damages for any visible or discoverable defect in the property sold. Smith *v.* Servis, 58 Hun, 601.

A sale of goods to be in merchantable order and approved by the buyer in three days after delivery, is binding, if the goods are not rejected within such time. Gentilli *v.* Starace, 39 N. Y. St. Rep. 343.

The degree of diligence required of vendor on resale, on vendee's refusal to accept goods under executory sale, defined. Case *v.* Simmons, 54 Hun, 635.

The time and mode of shipment, under an executory contract for an indefinite sale of merchandise, are of the substance of agreement. Bidwell *v.* Overton, 35 N. Y. St. Rep. 574.

Under an executory sale without warranty, the vendee's remedy does not survive an acceptance after an opportunity to inspect, unless he gives notice, or offers to return the property, to vendor. Shaw *v.* Lighthouse, 54 Hun, 634.

It is otherwise, in case of warranty of quality on such sale. Id.

The buyer of goods under an executory contract, where payment and

acceptance are, by the contract, concurrent and dependent obligations, cannot, on delivery of the goods, pay the purchase-money, and subsequently rescind the contract and reject the goods for defects ascertainable on examination. Pierson *v.* Crooks, 115 N. Y. 539. He, in such case, must satisfy himself, before making payment, that the goods tendered correspond with the contract. Id. The contract may provide, however, that payment shall be made in advance before delivery or acceptance of the goods. Id. Payment, under such a contract, will not preclude the buyer, when the delivery is tendered, from the right of examination, or from exercising the right of rejection, if the goods do not conform to the contract. Id. Flower *v.* Lance, 59 N. Y. 604; Coplay Iron Co., *v.* Pope, 108 Id. 232 ; Brown *v.* Foster, Id. 387.

Under an executory contract for the future sale and delivery of goods of a specified quality, in the absence of an express warranty, the vendor is bound to furnish articles corresponding with the description. Pierson *v.* Crooks, *ante.* If he tenders articles of an inferior quality, the vendee is not bound to accept them. Id. If he does accept them, he is, in the absence of fraud, deemed to have assented that they correspond with the description, and is concluded from subsequently questioning it. Id. He is under obligation to inspect the goods before acceptance, if he desires to save his right in case they are of inferior quality. Id.

Where goods are ordered of a specific quality, which the vendor undertakes to deliver to a carrier to be forwarded to the vendee at a distant place, to be paid for on arrival, the right of inspection, in the absence of any special provision in the contract, continues until the goods are received and accepted at their ultimate destination. Id. The carrier, in such case, is not the agent of the vendee to accept the goods as corresponding with the contract. Id.

The vendee must act promptly in examining goods sent upon his order, to see whether they comply therewith and give prompt notice to the vendor of their rejection, if found defective, in case he intends to avail himself of this remedy. Id. The vendee has, however, a reasonable time for examination. Id. What is such reasonable time is generally a question of fact for the jury. Id.

The vendee, unless there is some latent or conceded defect, is barred by an acceptance of the goods from maintaining an action upon the warranty. Meagley *v.* Hoyt, 125 N. Y. 771.

The rule stated in Delafield *v.* DeGrauw, 42 N. Y. 467, as to the duty of a vendee to object where goods are sold subject to inspection, was applied in Duford *v.* Patrick, 15 N. Y. Supp. 285.

Where property under an executory contract of sale, is defective in quantity or quality, the vendee may refuse to receive or accept it, and thus avoid liability for the payment of the purchase price. Brown *v.* Norton, 50 Hun, 248.

In the absence of fraud or warranty, an acceptance, after inspection of personal property manufactured under an executory contract, precludes a claim for any discoverable defect. Smith *v.* Servis, 58 Hun, 601. In the

Note on " Liability of Vendee in Case of an Executory Contract of Sale."

case cited, the court sustained a dismissal of the action for damages for defects in furniture claimed not to be finished in the manner provided for by the contract and to have been improperly packed, where the alleged defects were observed by the vendee at the time of acceptance.

A vendee who seeks to reject machinery manufactured under a contract, as not in accordance therewith, must do nothing, after he discovers its true condition, inconsistent with the vendor's ownership of the property.   Brown *v.* Foster, 108 N. Y. 387.   In such case, he is entitled to a reasonable time to put the machinery in motion and see it operate.   Id.   If, after such examination, without dealing with it in any other way or for any other purpose, acceptance cannot be implied.   Id.   But if he uses the machinery in the transaction of his business with knowledge of its defects, although complaining of them, his intent may be gathered from his acts as well as his words.   Id.   It cannot be said, as matter of law, that these facts do not offer substantial proof of an acceptance.   Id.   The vendee, in such case, cannot elect to have his subsequent use of the machinery, after complaint made, treated as a trespass.   Id.

Where the vendor is not the manufacturer, the article is *in esse* and open to inspection and examination, no fraud is charged or exists, and the vendee claims and is allowed his time to exercise his judgment and to approve of the subject of the transaction of sale, the acceptance and retention of the goods conclude him, and there is no warranty or agreement by the vendor which survives the transaction.   Gentilli *v.* Starace, 44 N. Y. St. Rep. 60 ; Sprague *v.* Blake, 20 Wend. 61 ; Reed *v.* Randall, 29 N. Y. 358 ; Dounce *v.* Dow, 64 Id. 411.

Where there is no collateral warranty or agreement as to quality, the vendee under an executory contract of sale, who has never offered to return the property, and never given the vendor notice or opportunity to take it back, must be conclusively presumed to have acquiesced in the quality of the goods.   Coplay Iron Co. *v.* Pope, 108 N. Y. 232.

It is the duty of a vendee, on the arrival of the goods purchased upon an executory contract of sale, or within a reasonable time thereafter, to examine them and determine whether or not they are of the kind and quality ordered, and in case they do not comply as to quality and kind, to promptly rescind the contract and either return, or offer to return, the goods to the vendor. Mason *v.* Smith, 130 N. Y. 474 ; Reed *v.* Randall, 29 Id. 358 ; Gaylord Mfg. Co. *v.* Allen, 53 Id. 515 ; Coplay Iron Co. *v.* Pope, 108 Id. 232.   An expression of dissatisfaction with the goods and of a preference not to accept them even at a certain discount, does not amount to a rescission of the contract of sale.   Id.

A contract of sale which points out a known and ascertainable standard, by which to judge the quality of goods sold, is for all practical purposes a sale by sample, and renders the vendor liable for damages upon a breach of warranty, though there has been an acceptance after opportunity to inspect the goods.   Zabriskie *v.* Cent. Vermont R. R. Co., 131 N. Y. 72.   The cases of Coplay Iron Co. *v.* Pope, 108 N. Y. 232 ; Studer *v.* Bleistein, 115 Id. 316 ; Pierson *v.* Crooks, Id. 339 ; and other cases of like character, are

clearly distinguishable. The former is a contract concerning a sale by sample, and the others are executory contracts for the manufacture and sale, or delivery, of goods of a particular description. In cases of the latter character where the quality of the goods is capable of discovery upon inspection, and where, after full opportunity for such examination, the goods are accepted, and no warranty accompanies the sale, the vendee is precluded from recovering damages for any variation between the goods delivered and those described in the contract. Zabriskie v. Cent. Vermont R. R. Co., *ante*. But, upon an executory sale of goods by sample, with warranty that they shall correspond with the sample, the vendee is not precluded from claiming and recovering damages for breach of warranty, though he has accepted the goods after an opportunity for inspection. Id. ; Kent v. Friedman, 101 N. Y. 616 ; Brigg v. Hilton, 99 Id. 517 ; Gurney v. Atlantic & G. W. R. R. Co., 58 Id. 358.